**Lonnie Roach** (Texas Bar No. 16967600)
Appearance *Pro Hac Vice*, application pending

**BEMIS, ROACH & REED**
4100 Duval Road, Bldg. I, Suite 200
Austin, Texas 78759
(512) 454-4000 Telephone
(512) 453-6335 Facsimile
lonnie@brrlaw.com

**Michelle L. Roberts** (State Bar No. 239092)
**ROBERTS DISABILITY LAW**
66 Franklin St., Ste. 300
Oakland, CA 94607
(510) 230-2090 Telephone
(510) 230-2091 Facsimile
michelle@robertsdisability.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| JOEL BRAND | Case Number: 3:22-cv-00020 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| FIRST UNUM LIFE INSURANCE COMPANY | **BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 ("ERISA")** |
| Defendant | |

### INTRODUCTION

1. This case challenges Defendant First Unum Life Insurance Company's ("UNUM") termination of Plaintiff Joel Brand's claim for long term disability benefits under the White & Case, LLP Long Term Disability Plan (the "LTD Plan"). Plaintiff was

COMPLAINT (ERISA)          CASE NO.: 3:22-cv-00020

1

and is disabled under the terms of the LTD Plan and entitled to benefits under the LTD Plan.

## JURISDICTION

2. Plaintiff brings this action to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan, pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502 (e) and (f), 29 U.S.C. § 1132(e)(1) and (f), and 28 U.S.C. §1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Francisco Division because a substantial part of the relevant acts and omissions occurred within this division.

## PARTIES

5. Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the LTD Plan.

6. The LTD Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by White & Case, LLP. UNUM was and remains the benefits administrator and co-claims fiduciary of the LTD plan.

7. At all relevant times, Plaintiff was employed by White & Case, LLP and as such was enrolled in the LTD Plan, which included Long Term Disability benefits under a group long term disability insurance contract issued by UNUM, identified by its

policy number, 530243 041 (the "LTD Policy").  As payor of benefits and the claims administrator of the LTD Plan, UNUM operates under a structural conflict of interest as defined by *Abatie v Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v Glenn*, 554 U.S. 105 (2008).

### FACTS

**8.** The LTD Plan offered, among other things, Long Term Disability ("LTD") benefits to employees of White & Case, LLP, including Plaintiff, provided that an employee was disabled under the terms of the LTD Plan.  Under the LTD Plan, UNUM promised to pay monthly benefits to an insured if the insured became disabled under the terms of the LTD policy.

9. Prior to becoming disabled, Plaintiff was employed as an attorney.  On February 21, 2018, while the LTD Plan and LTD Policy were in full force and effect, Plaintiff became disabled and entitled to benefits under the terms of the LTD Plan, due to various co-morbid conditions, including but not limited to fibromyalgia, bilateral radial tunnel syndrome, and thoracic outlet syndrome, resulting in debilitating pain in his forearms, wrists, and lower back.  Plaintiff has been determined to be disabled by the Social Security Administration under its standards as of February 13, 2018.

10. Plaintiff properly submitted a claim for LTD benefits under the LTD Plan and LTD Policy, identified as claim number 15812453.  Despite the fact that Plaintiff has been and remains disabled under the terms of the LTD Plan and LTD Policy, on May 20, 2019, UNUM denied his claim for LTD benefits, claiming he did not meet the definition of disability under the LTD Plan and LTD Policy.

11. Plaintiff timely appealed UNUM's adverse benefit determination in writing and provided UNUM with additional evidence in support of his claim for LTD benefits under the LTD plan.  Nevertheless, UNUM denied Plaintiff's appeal, by its letter dated February 12, 2020.  Plaintiff has exhausted his administrative remedies

under the LTD Plan with respect to his claim for LTD benefits. All conditions precedent to Plaintiff's cause of action alleged herein have been performed or occurred.

12. UNUM's actions are contrary to the terms of the LTD Plan, the LTD Policy and California law and are not supported.

13. As a direct and proximate result of the aforementioned acts of UNUM, Plaintiff suffered damages as outlined below.

14. As a result of the actions of UNUM, and each of them, Plaintiff has been improperly denied LTD benefits under the LTD Plan to which he is entitled together with interest thereon.

15. As a further result of the actions of UNUM, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining his LTD benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against UNUM]**

16. Plaintiff incorporates Paragraphs 1 through 15 as though fully set forth herein.

17. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

18. Plaintiff became and remains totally disabled and entitled to long term disability benefits under the terms of the LTD Plan and LTD Policy.

19. By denying Plaintiff's claim for disability benefits, and by related acts and omissions, UNUM has violated, and continues to violate, the terms of the LTD Plan and Plaintiff's rights thereunder.

20. As a proximate result of UNUM's actions, Plaintiff has been deprived of his disability benefits to which he was and is entitled and has suffered damages as set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. That Defendant be cited to appear herein and answer and that the Court on final hearing;

B. Declare that UNUM violated the terms of the LTD Plan by terminating Plaintiff's claim for disability benefits;

C. Order that UNUM pay Plaintiff's disability benefits owed under the terms of the LTD Plan, through to the date that judgment is rendered herein, together with pre-judgment interest on each and every such payment through to the date that judgment is rendered herein;

D. Declare Plaintiff's right to receive future disability benefits under the terms of the LTD Plan;

E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

F. Award pre-judgment and post-judgment legal interest on all benefits owed under the terms of the LTD Plan; and

G. Provide such other relief as the Court deems equitable and just.


Date: January 4, 2022          Sign Name:   /s/ Michelle L. Roberts
                                            Michelle L. Roberts

                                             /s/ Lonnie Roach
                                            Lonnie Roach
                                            Attorneys for Plaintiff